UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RICKIE HILL,

    Plaintiff

v.

J. RUTLEDGE, et al.,

    Defendants

Case No.: 3:20-cv-00495-MMD-CSD

**Order**

Re: ECF No. 6

Before the court is Plaintiff's Motion to Replace SDAG D. Rands, DAG C. Fondi, and DAG R. Bibee. (ECF No. 6.) Plaintiff seeks to have Rands, Fondi and Bibee removed from this case based on the assertion that Mr. Rands is a defendant in case 2:20-cv-00684-APG-NJK, and Fondi and Bibee have been indoctrinated to think with a closed mind like Rands.

On December 2, 2021, the court entered an order directing Mr. Rands to file a response, and giving Plaintiff an opportunity to file a reply brief. At that time, the motion was denied as to Fondi and Bibee[1] because they are not assigned to this case. (ECF No. 20.)

Mr. Rands filed a response. (ECF Nos. 21, 21-1.) Plaintiff did not file a reply.

Plaintiff filed similar motions to disqualify Mr. Rands (as well as Fondi and Bibee) in case 2:20-cv-01655-KJD-DJA, which Magistrate Judge Albregts denied. *See* No. 2:20-cv-01655-KJD-DJA, 2021 WL 6503760 (D. Nev. Dec. 2, 2021).

The right to disqualify counsel is within the discretion of the court as an exercise of its inherent powers. *See Visa U.S.A., Inc. v. First Data Corp.,* 241 F.Supp.2d 1100, 1103 (N.D. Cal.

---

[1] According to Mr. Rands, Fondi and Bibee are legal secretaries in the Attorney General's Office.

Jan. 29, 2003) (citing *United States v. Wunsch*, 84 F.3d 1110, 1114 (9th Cir. 1996); *Image Technical Serv., Inc. v. Eastman Kodak Co.*, 820 F.Supp. 1212, 1215 (N.D. Cal. 1993)). Motions to disqualify counsel are disfavored and are only granted when "absolutely necessary." *Russell Road Food and Beverage, LLC v. Galam*, 2:13-cv-0776-JCM-NJK, 2014 WL 3845424, at *1 (D. Nev. July 31, 2014) (citation omitted); *see also Reading Intern., Inc. v. Malulani Group, Ltd.*, 814 F.3d 1046, 1053 (9th Cir. 2016) ("We are mindful of the drastic nature of disqualification."). Courts are especially vigilant that such motions not be misused for the purpose of harassment, delay, or other tactical advantage. *See id*. "Because of this potential for abuse, disqualification motions should be subjected to particularly strict judicial scrutiny." *Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (internal quotation marks and citations omitted); *Richardson-Merell, Inc. v. Koller,* 472 U.S. 424, 436 (1985) ("[W]e share the Court of Appeals' concern about tactical use of disqualification motions to harass opposing counsel."). The party seeking disqualification bears the burden of proof. *See e.g. Takiguchi v. MRI Int'l, Inc.*, No. 2:13-cv-1183-JAD-VCF, 2014 WL 315068, at *4 (D. Nev. July 7, 2014).

Plaintiff's basis for disqualifying Mr. Rands is that Plaintiff has sued Mr. Rands in another case, 2:20-cv-00684-APG-NJK. Plaintiff provides no legal authority, and the court is aware of none, to support his claim that this warrants disqualification of Mr. Rands as counsel for the defendant in this case.[2]

Attorneys admitted to practice in this district must adhere to the standards of conduct prescribed by the Model Rules of Professional Conduct as adopted and amended by the Nevada Supreme Court. LR IA 11-7(a).

---

[2] To date, defendant Rutledge, against whom this action is proceeding, has not been served.

Nevada Rule of Professional Conduct 1.7 provides that a lawyer shall not represent a client if the representation involves a concurrent conflict of interest, which exists if "[t]he representation of *one client* will be directly adverse to *another client;*" or "[t]here is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer."

In *Kasza v. Browner*, 133 F.3d 1159 (9th Cir. 1998), the Ninth Circuit affirmed the denial of the plaintiff's motion to disqualify defense counsel. The court noted: "As a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification." *Id*. at 1171 (citation and quotation marks omitted). Courts in this district have also held that "[w]here an attorney's alleged ethical violation involves a conflict of interest, the general rule is that only current and former clients have standing to seek disqualification." *Hernandez v. Guglielmo*, 796 F.Supp.2d 1285, 1290 (D. Nev. 2011) (citing *Sentry Select Ins. Co. v. Meyer*, No. 2:07-cv-01049-RLJ-LRL, 2011 WL 1103333, at *7 (D. Nev. Mar. 23, 2011)); *see also Becker v. Keshmiri*, No. 3:19-cv-00602-LRH-WGC, 2020 WL 2733944, at *3 (D. Nev. May 26, 2020); *United States v. Kahre*, 2:05-cr-121-RCJ-RJJ, 2017 WL 9757493, at * 3 (D. Nev. Apr. 25, 2017).

Plaintiff does not identify a plausible conflict of interest that may arise in Mr. Rands representation of the defendant in this action while he is a defendant in another action. Moreover, it is not appropriate for *Plaintiff* to seek disqualification of Mr. Rands based on a conflict of interest that may arise with respect to Mr. Rands' client in this matter.

For these reasons, Plaintiff's motion to disqualify Mr. Rands (ECF No. 6) is **DENIED**.

**IT IS SO ORDERED**.

Dated: February 24, 2022

_____
Craig S. Denney
United States Magistrate Judge